1  ISMAIL J. RAMSEY (CABN 189820)
   United States Attorney
2  MICHELLE LO (NYRN 4325163)
   Chief, Civil Division
3  MICHAEL A. KEOUGH (NYRN 5199666)
   Assistant United States Attorney

        450 Golden Gate Avenue, Box 36045
        San Francisco, California 94102
        Telephone: (415) 436-7200
        Facsimile: (415) 436-7234
        michael.keough@usdoj.gov

   Attorneys for Defendant
   U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JAMES PISTORINO,<br><br>    Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | No. 4:23-CV-00380-DMR<br><br>**ANSWER OF DEFENDANT U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES** |

Defendant U.S. Department of Health and Human Services ("Defendant"), by and through counsel, respectfully responds to the Complaint filed by plaintiff James Pistorino ("Plaintiff"), ECF No. 1 ("Complaint"), as follows:[1]

**COMPLAINT**

1. The allegations set forth in Paragraph 1 constitute Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA") and his reasons for bringing this action, to which no response is required. To the extent any further response is required, Defendant

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of the Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated.

ANSWER OF DEFENDANT UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES
No. 4:23-CV-00380-DMR                                1

admits that Plaintiff purports to bring this action under FOIA but otherwise denies the allegations set forth in Paragraph 1.

## I.   JURISDICTION AND VENUE

2. Paragraph 2 consists of Plaintiff's legal conclusions, to which no response is required. To the extent any response is required, Defendant respectfully directs the Court to the provisions of FOIA and denies all allegations inconsistent therewith.

## II.   PARTIES

3. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 3, and on that basis denies them.

4. Defendant admits the allegations set forth in Paragraph 4.

## III.   INTRADISTRICT ASSIGNMENT

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5, and on that basis denies them.

## IV.   FACTUAL BACKGROUND

6. Defendant lacks knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6, and on that basis denies them.

7. Defendant admits the allegations set forth in Paragraph 7, and respectfully refers the Court to the referenced FOIA request as the best evidence of its contents.

8. Defendant admits the allegations set forth in Paragraph 8, and respectfully refers the Court to the referenced acknowledgement letter as the best evidence of its contents.

9. Defendant admits the allegations set forth in Paragraph 9.

10. Defendant admits the allegations set forth in Paragraph 10.

11. Defendant admits the allegations set forth in Paragraph 11.

12. The allegations set forth in Paragraph 12 constitute a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 12.

13. The allegations set forth in Paragraph 13 constitute a conclusion of law, to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in

Paragraph 13.

14.     The allegations set forth in Paragraph 14 constitute a conclusion of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in Paragraph 14.

## REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's request for relief, to which no response is required.  To the extent these paragraphs are deemed to contain factual allegations, Defendant denies those allegations and denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation contained in the Complaint.

## AFFIRMATIVE OR OTHER DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The information that Defendant has withheld, or will withhold, in response to Plaintiff's FOIA request may be exempt in whole or part from public disclosure under the FOIA, 5 U.S.C. § 552(b), and the Privacy Act, 5 U.S.C. § 552a, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by FOIA.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has not alleged sufficient factual and/or legal bases for its request for attorneys' fees and/or costs.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint raises claims that are or will become moot.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant prays that:

1. Plaintiff takes nothing by its Complaint;

2. The Complaint be dismissed with prejudice;

3. Judgment be entered in favor of Defendant;

4. Defendant be awarded its costs of suit;

5. The Court award such other and further relief as it may deem proper.

DATED: April 6, 2023

Respectfully submitted,

ISMAIL J. RAMSEY
United States Attorney

*/s/ Michael A. Keough*
MICHAEL A. KEOUGH
Assistant United States Attorney

Attorneys for Defendant
U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES