ISMAIL J. RAMSEY (CABN 189820)
United States Attorney
MICHELLE LO (NYRN 4325163)
Chief, Civil Division
MICHAEL A. KEOUGH (NYRN 5199666)
Assistant United States Attorney
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Fax: (415) 436-6570
Email: michael.keough@usdoj.gov

Attorneys for Defendant

JAMES C. PISTORINO (CABN 226496)
PARRISH LAW OFFICES
224 Lexington Drive
Menlo Park, California 94025
Tel: (650) 400-0043
Email: james@dparrishlaw.com

*Plaintiff Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James Charles Pistorino,<br><br>    Plaintiff,<br><br>vs.<br><br>United States Department of Health & Human Services,<br><br>    Defendant. | Case Number: C 23-cv-380-DMR<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

    The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All Judges of the Northern District of California* and Civil Local Rule 16-9.

Page **1** of **7**

*Form updated May 2018*

1. Jurisdiction & Service

This Court's jurisdiction is founded on 5 U.S.C. § 552(a)(4)(B) and venue is founded on the same section. Jurisdiction and venue are not contested, there is no dispute about service, and no parties remain to be served.

2. Facts

Plaintiff's Statement:

This is the second case in which Plaintiff has been forced to file suit in order to obtain compliance with a FOIA request. In the first suit (*Pistorino v. H.H.S.*, Case No. 22-cv-177-LB, N.D. Cal.), Plaintiff served a FOIA request in June 2021, seeking information covering the 2018-2020 time frame, to which Plaintiff received no substantive response before filing suit in January 2022. Document production was completed in in August 2022 (*i.e.*, more than a year after the FOIA request was served and only after suit was filed).

In this suit, Plaintiff served a FOIA request on December 2, 2022, seeking the same information as the first suit but covering the 2021-2022 time frame. When H.H.S. again failed to comply with the FOIA statute, in mid-January 2023, Plaintiff sought to avoid burdening this Court and wasting resources by contacting agency counsel. Agency counsel informed Plaintiff that the non-compliance could not be addressed and Plaintiff would just have to file another suit. Plaintiff did so on January 25, 2023. Within 6 days, Plaintiff received a note indicating that the FOIA request was being reviewed. Accordingly, Plaintiff refrained from serving the Complaint again in order to avoid burdening this Court and wasting resources. Plaintiff promptly paid estimated copying costs but the agency then did not respond to email inquiry regarding production. When there was no production by March 6, 2023, Plaintiff effectuated service.

On March 7, 2023, Plaintiff received a note indicating that the documents would be produced. Actual production of the documents and software codes needed to access them did not occur until April 19, 2023, 139 days after the FOIA request was submitted and only after suit was filed.

*Form updated May 2018*

Plaintiff is in the process of verifying that the production is complete/readable and expects to complete that process next week.

Defendant's Statement:  Plaintiff's underlying FOIA request seeks the production of data related to billions of Medicare claims from calendar years 2021 and 2022.  Using a list of agreed-upon fields from the prior FOIA case involving Plaintiff in order to comply with FOIA Exemption 6 (which prohibits HHS from disclosing medical files and similar personal information for millions of Medicare beneficiaries whose claims are covered by the requests), HHS agreed to provide the requested data.  Plaintiff is not entitled to a fee waiver and paid the requisite copying fees on March 1, 2023.  HHS engaged the services of a contractor to process the requested data, and once processing was complete, HHS's FOIA office performed a quality control review to ensure information not subject to disclosure had been excluded from the set.  Two hard drives were then shipped to Plaintiff on April 11, 2023.  Defendant was able to use efficiencies from responding to Plaintiff's first FOIA request in 2022 to significantly reduce the processing time for Plaintiff's present request:  in the prior case, data was provided approximately fourteen weeks after the initial CMC, and in the present case, data was provided before the initial CMC had even occurred.  Defendant understands that Plaintiff has received the hard drives and will raised any remaining issues with the data set so that the parties can resolve them.

3.  <u>Legal Issues</u>

Plaintiff's Statement:  Plaintiff is not aware of any outstanding legal issues.  Pursuant to FOIA, the agency was required to comply with various response deadlines and did not do so.

Defendant's Statement:  Defendant is not aware of any outstanding legal issues, but understands that Plaintiff may raise issues with the data provided by Defendant.

*Form updated May 2018*

4. Motions

There are no prior or pending motions.  To the extent necessary, each side anticipates filing a single motion for summary judgment.

5. Amendment of Pleadings

No amendment of the pleadings is anticipated at this time.

6. Evidence Preservation

Given that this is a FOIA case, it is not believed that evidence preservation measures are applicable.  In any event, there are no known issues in this regard and no steps for preservation are believed necessary.

7. Disclosures

Because this is an Administrative Review case, pursuant to FED.R.CIV.P. 26((a)(1)(B)(i), this case is exempt from Initial Disclosure requirements and none are believed necessary.

8. Discovery

The parties do not anticipate that any discovery will be needed other than the requested production.

9. Class Actions

This is not a class action.

10. Related Cases

As indicated, a prior case that completed in December 2022, sought the exact same documents for the three years preceding the requests at issue in this case.  That said, there are no related cases pending before this or any other court or administrative body.

*Form updated May 2018*

11. Relief

Plaintiff's Statement: The Complaint seeks production of the requested documents, costs and attorneys fees, and any other relief deemed appropriate. The amount of costs and attorneys fees is not known at this time but includes, at least, the filing fee of $402.

Defendant's Statement: HHS disputes that Plaintiff is entitled to costs or fees, and expects that this issue will be resolved once the response to the requests is complete.

12. Settlement and ADR

ADR is not believed to be appropriate at this time. Subject to the above identified issues with regard to actual production and its cost, the parties believe that this matter may be resolved/settled promptly.

13. Consent to Magistrate Judge For All Purposes

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.   __X__ YES     ____ NO

14. Other References

It is not believed that reference to any other body, etc. is appropriate.

15. Narrowing of Issues

The parties have not identified issues that can be narrowed at this time.

16. Expedited Trial Procedure

The parties do not expect that an expedited trial procedure will be appropriate in this FOIA case.

*Form updated May 2018*

17. <u>Scheduling</u>

   Rather than a full schedule that would burden this Court's docket, at this time, the parties propose that a status conference be scheduled in two months time. That will allow any production issues to be identified and potentially resolved prior to the next status conference.

18. <u>Trial</u>

   The parties do not presently expect a trial in this FOIA case. To the extent that motions for summary judgment are filed, those will be presented to the Court.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>

   Neither party filed a disclosure of non-party interested entities or persons. That said, there are none. Plaintiff is an individual representing himself and no other person or entity has a financial stake in the outcome of this case. Defendant is a Department of the United States government.

20. <u>Professional Conduct</u>

   Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. <u>Other</u>

   None known at this time.

Respectfully submitted,

                                        ISMAIL J. RAMSEY
                                        United States Attorney

Dated: April 26, 2023         By:       **/s/ Michael A. Keough
                                        MICHAEL A. KEOUGH
                                        Assistant United States Attorney
                                        Attorney for Defendant

Dated: April 26, 2023         By:     /s/ James C. Pistorino
                                      JAMES C. PISTORINO

                                      Plaintiff *Pro Se*

                                      ** Pursuant to Civ. L.R. 5-1(i)(3), the filer of the document has obtained approval from this signatory.

## CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

*Form updated May 2018*